IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DUARTE-HIERRO,<br><br>**Plaintiff**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Defendant.** | **CIVIL. NO.** 12-1057(JAG) |

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Pending before the Court is a motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by the United States of America. (Docket No. 13). Plaintiff Joel Duarte-Hierro, an inmate at the Metropolitan Detention Center ("MDC") in Guaynabo, timely filed his opposition. (Docket No. 15). For the reasons that follow, the Court GRANTS the United States' motion and dismisses this case with prejudice.

**BACKGROUND**

In September 2010, Plaintiff slipped and fell due to a puddle of water located in front of an ice maker at the MDC. (See Second Amended Complaint, Docket No. 10, ¶ 3). Plaintiff alleges that there "were no warning signs in the area to [warn] the inmates and/or prevent the accident." (Id.). Plaintiff further alleges that he endured extensive suffering and damages

**CIVIL. NO.** 12-1057(JAG)                                                                 2

"[d]ue to the negligence and carelessness of MDC-Guaynabo personnel in the maintenance of the area in good conditions." (Id. at ¶ 6). Plaintiff "has been unable to walk properly" since the incident occurred. (Id. at ¶ 8).

On February 2, 2011, Plaintiff filed an administrative tort claim before the Southeast Regional Office of the Federal Bureau of Prisons (the "BOP"). On July 28, 2011, the BOP sent him a letter informing him that his claim had been denied. (See Id. at ¶ 10.). Thereafter, Plaintiff brought suit against the United States in this Court.

**STANDARD OF LAW**

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions

Case 3:12-cv-01057-JAG   Document 16   Filed 03/28/13   Page 3 of 7
**CIVIL. NO.** 12-1057(JAG)                                                 3

couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. See Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

## ANALYSIS

Plaintiff brings this suit against the United States grounded on the Federal Tort Claims Act, 28 U.S.C.A. 2671 *et seq.* (the "FTCA"). This statute "waives the sovereign immunity of the United States with respect to tort claims," Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000), and requires that liability be assessed "in accordance with the law of the place where the act or omission occurred." Scanlon v. Dep't of the

Army, 277 F.3d 598, 600 (1st Cir. 2002). Thus we look to Puerto Rico law in assessing Plaintiff's claims.

Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, provides that any "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." Id. To succeed on his Article 1802 claim, Plaintiff must establish 1) that the defendant committed a negligent act or omission; 2) that he suffered damages; and 3) that those damages are causally linked to the negligent act or omission. See Irvine v. Murad Skin Research Laboratories, Inc., 194 F.3d 313, 321 (1st Cir. 1999)(citing Article 1802).

In slip-and-fall cases, such as the one at bar, Article 1802 requires Plaintiff to show, as an essential element of the cause of action, "that the defendant had either actual or constructive knowledge of [the] dangerous condition." Clemente v. Carnicon-Puerto Rico Management Associates, L.C., 52 F.3d 383, 389 (1st Cir. 1995) (rev'd on other grounds, and quoting Mas v. U.S., 984 F.2d 527, 530 (1st Cir. 1993)). While the facts in Clemente illustrate the point in the context of summary judgment, the logic applies with equal force at the pleadings stage:

> In this instance, even if the jury believed that a liquid saturated the stairway, there is no evidence from which it sensibly could infer how long the liquid had been on the stairs. Because that is so, the jury could not have drawn a reasonable inference that defendants knew or should have known of the liquid's existence in sufficient time to have removed it before Clemente appeared on the scene. It follows inexorably, as night follows day, that the district court appropriately granted judgment as a matter of law in the defendants' favor.

Clemente, 52 F.3d at 389.

As is well known, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must plausibly plead every element of the cause of action asserted. Here, Plaintiff contends that he slipped and fell in front of an ice machine in the MDC. However, he fails to plead any fact that would allow the Court to infer that the MDC employees were negligent. Apart from some threadbare assertions,[1] there is nothing tending to show that the MDC personnel were aware, or should have been aware, of the alleged puddle in front of the ice machine. Neither does the complaint plead that that the ice machine was faulty and required maintenance, or that the formation of puddles was a typical occurrence in front of that ice machine.

---

[1] The complaint states, for instance, that the MDC personnel were negligent and careless in maintaining that area. This is but a legal conclusion guised as fact. The complaint does not supply a factual basis that would allow the Court to infer carelessness or negligence on part of the MDC personnel. In any event, we are not required to "conjure up unpled allegations" to support Plaintiff's deficient complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

And "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3 (1st Cir. 1976).

The complaint does state that there were "no warning signs" near the ice maker that would have prevented the accident. This contention, bathed in the light most favorable to Plaintiff, would seem to favor his case. But pleadings should not be assessed piecemeal; given that the complaint is silent as to whether the MDC employees knew or not of the dangerous condition, the lack of warning signs does not compel (or even hint at) the conclusion that the employees were negligent. It is equally possible that there were no warning signs *precisely because* the employees were unaware of the existence of the puddle, or of any problem with the ice machine that would lead to the formation of puddles. Therefore, the complaint simply fails to take Plaintiff's Article 1802 claim across "the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

## CONCLUSION

In light of the above, the Court finds that the complaint fails to state a claim that would entitle Plaintiff to relief. The complaint shall therefore be dismissed with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2013.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge